Filed 5/24/24  P. v. McCook CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LAFAYETTE REESE MCCOOK,<br><br>  Defendant and Appellant. | F087034<br><br>(Super. Ct. No. F23902273)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gabriel L. Brickey, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Smith, J. and Snauffer, J.

Appellate counsel for defendant Lafayette Reese McCook has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated March 18, 2024, we also invited defendant to submit additional briefing. Defendant did not file a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

On March 28, 2023, a felony complaint was filed against defendant and a codefendant, charging a number of crimes that occurred on March 25, 2023, against one victim. The complaint specifically alleged assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1), a felony; count 1), elder abuse (§ 368, subd. (b)(1), a felony; count 2), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4), a felony; count 3), and battery with serious bodily injury (§ 243, subd. (d), a felony; count 4).[2] For counts 1 through 3, the complaint also alleged a great bodily injury enhancement (§ 12022.7, subd. (a)). Three factors in aggravation (Cal. Rules of Court, rules 4.421(a)(1), (a)(3), & (b)(1)) were also alleged against defendant in counts 1 through 4.

---

[1]    All further statutory references are to the Penal Code.

[2]    Counts 5 through 8 alleged the same offenses against defendant's codefendant, who is not part of this appeal.

On May 2, 2023, a confidential hearing was held pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. At the beginning of that hearing defendant informed the trial court he felt there had been a lack of communication with his attorney, specifically related to discovery. Defense counsel then explained to the court what he told defendant about the status of the discovery requests and the process that had to be followed. At the end of the hearing, the court denied defendant's request to replace his attorney.

On September 8, 2023, defendant pled no contest to assault with a deadly weapon as alleged in count 1. At this time, defendant also admitted the enhancement alleging the infliction of great bodily injury and also admitted two factors in aggravation. The remaining counts and allegations involving defendant in the complaint were then dismissed. The terms of the plea agreement indicated there would be a "five-year lid" on the potential sentence imposed.

On October 9, 2023, defendant was sentenced to a total term of five years, consisting of the low term of two years for count 1, which would be consecutive to the three-year term for the great bodily injury enhancement. Defendant was also given presentence credits of 228 days. The court then imposed various customary fines and fees. Before imposing the sentence, the court stated that due to the extent of the injuries inflicted on the victim by defendant, the court would not strike the enhancement and would also deny probation. The court noted, however, that because defendant only had one prior conviction, the lower term was chosen for count 1.

Defendant filed a notice of appeal on October 18, 2023. The notice stated the appeal was based on the sentence imposed after the plea and did not challenge the validity of the plea.

## FACTUAL SUMMARY

Because testimony was never provided in this matter prior to defendant's plea, this summary of the relevant facts is taken from the probation report prepared prior to sentencing.

3.

A video provided to law enforcement by bystanders showed defendant and his codefendant kicking and punching the 67-year-old victim in the head while the victim was lying on the ground. Defendant also used the victim's cane to hit him multiple times. The victim was unresponsive and not moving during this attack. The victim suffered a laceration to his eye, the loss of consciousness, a broken left arm, a red mark on his chest, chest pain which may have indicated internal injuries, and abrasions on his right cheek, right hand, and left thumb.

Defendant was interviewed by the probation officer and stated he and his codefendant beat up the victim because the victim allegedly raped his mother the night before.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

We address one matter briefly. Defendant's notice of appeal states he would not challenge the validity of the plea he entered but sought the appeal to consider matters occurring after the entry of the plea, such as sentencing. We note, a trial court's decision to dismiss or to strike a sentencing allegation similar to the one considered here, is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) Our review of the record on sentencing reveals no abuse of discretion.

## DISPOSITION

The judgment is affirmed.